271 A.2d 297.

RALPH R. MANCINI *et al. vs.* RHODE ISLAND NATIONAL GUARD.

DONNA LEE REIS *vs.* RHODE ISLAND NATIONAL GUARD.

DECEMBER 3, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. These two original petitions for dependency benefits provided for by G. L. 1956 (1968 Reenactment) §28-33-12, involve substantially identical facts. In each case the trial commissioner found for the petitioners. On appeal the full commission, one commissioner dissenting, reversed. Each case is here on the petitioners' appeal.

The facts are not in dispute. While we discuss only the Mancini case, what we say with respect to it applies equally to the Reis case. On September 25, 1963 petitioners' son, Ralph R. Mancini, Jr., voluntarily enlisted "* * * in the (Army) National Guard of Rhode Island and as a Reserve

of the (Army) with membership in the (National Guard of the United States) for a period of 6 years under the conditions prescribed by law, unless sooner discharged by proper authority * * *." His oath of enlistment obligated him to "* * * obey the orders of the President of the United States and the Governor of R. I. and the orders of the officers appointed over me, according to law and regulations, and/or the Uniform Code of Military Justice."

Mancini was assigned to the 107th Signal Corps of the Rhode Island National Guard. On April 19, 1968, that unit and its members, "by direction of the President and pursuant to authority contained in Public Law 89-687," were ordered to active duty for a period of 24 consecutive months unless sooner released. Mancini was sworn into active duty on May 13, 1968, and reported for duty to Fort Devens, Massachusetts. While on authorized leave he was in an automobile accident on July 20, 1968. Both Mancini and his passenger, Anthony J. Reis, sustained injuries which resulted in death. To recover the dependency benefits provided for by the Compensation Act, Mancini's mother and father brought this action against the Rhode Island National Guard.

Obviously aware that the federal government, as their son's employer, was immune from suits under state workmen's compensation acts, petitioners have proceeded on the theory that their son, even after being activated, somehow retained his status in the state national guard. Accordingly, they rely on our statute[1] which makes national guardsmen state employees and entitles them to benefits

---

[1]Section 28-31-9 reads:

"Application to national and state guardsmen.—Members of the national guard and Rhode Island state guard hereafter injured in the performance of required, authorized or permitted duty, shall be deemed to be employees of the state, and shall be entitled to all of the benefits of chapters 29 to 38, inclusive, of this title in accordance with the limitations, requirements and restrictions thereof."

under the Compensation Act. The obvious flaw in their theory is that it ignores the undisputed testimony that the decedent lost his status as a national guardsman when, pursuant to the order federalizing the 107th Signal Corps and its members, he was called to active duty. Once activated and in a federal status, control over his military activities was transferred from the Governor of this state[2] to the President of the United States. Thereafter, he was subject exclusively to the laws and regulations governing the United States Army. Pertinent congressional enactments defining his before and after status are set out in the margin.[3]

The petitioners also contend that the decedent was activated pursuant to the Gulf of Tonkin Resolution, a Resolution which they argue was illegal and therefore a nullity. The short answer to that contention — and there are others — is that Public Law 89-687, 10 U.S.C.A., sec. 263,

---

[2]Section 30-2-1 provides that:

"The governor shall be the captain general and commander-in-chief of the military and naval forces of the state, except when they shall be called into the service of the United States."

[3]10 U.S.C.A. sec. 3495, "Army National Guard of the United States: status.

Members of the Army National Guard of the United States are not in active Federal service except when ordered thereto under law."

10 U.S.C.A. sec. 3499, "Army National Guard in Federal service: status.

Members of the Army National Guard called into Federal service are, from the time when they are required to respond to the call, subject to the laws and regulations governing the Army, except those applicable only to members of the Regular Army."

32 U.S.C.A. sec. 325, "Relief from National Guard duty when ordered to active duty

(a) Each member of the Army National Guard of the United States * * * who is ordered to active duty is relieved from duty in the National Guard of his State * * * from the effective date of his order to active duty until he is relieved from that duty."

(b) So far as practicable, members, organizations and units of the Army National Guard of the United States * * * ordered to active duty shall be returned to their National Guard status upon relief from that duty."

and not the Gulf of Tonkin Resolution, was the authority under which the 107th Signal Corps and its members were federalized.

In each case the petitioners' appeal is denied and dismissed and the decree appealed from is affirmed. Each case is remitted to the Workmen's Compensation Commission for further proceedings.

*John Quattrocchi, Jr.,* for petitioners.

*Herbert F. DeSimone,* Attorney General, *G. John Gazerro, Jr.,* Special Asst. Attorney General, for respondent.