**KAZUO RICHARD KAYA**, Claimant–Appellee, v. **STATE OF HAWAII, DEPARTMENT OF DEFENSE**, Employer–Appellant, Self–Insured

NO. 14375

CASE NO. AB 87–74 (2–86–36330)

APRIL 22, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

.

## OPINION OF THE COURT BY WAKATSUKI, J.

The Department of Defense of the State of Hawaii (State), employer–appellant, appeals the decision of the Labor and Industrial Relations Appeals Board (Appeals Board) finding claimant–appellee, Kazuo Richard Kaya (Kaya), was injured in the performance of his duty as a Hawaii Air National Guard member, and therefore entitled to workers' compensation benefits under Hawaii Revised Statutes (HRS) § 386–161.

We affirm.

### I.

Kaya, as a member of the Hawaii Air National Guard, was ordered into active duty for training by the Secretary of the Air Force on May 1, 1986, pursuant to 10 U.S.C. § 672(d). Under 32 U.S.C. § 325(a) and 10 U.S.C. § 101(23), he was on federal active duty and the federal government exercised exclusive control over him. While on federal active duty at Clark Air Force Base, Philippine Islands, he suffered a cerebrovascular accident on May 16, 1986.

Due to the accident, Kaya was totally disabled from engaging in any form of substantial gainful employment. On or about June 13, 1986, the Department of the Air Force determined Kaya suffered his injury in the line of duty. He received federal incapacitation pay from May 1, 1986 to January 8, 1987.[1] On January 8, 1987, the Department of the Air Force awarded him $1,118.25 per month beginning March 3, 1987 as permanent medical retirement.

On September 15, 1986, Kaya filed with the Director of Labor and Industrial Relations a claim for workers' compensation

---

[1] This pay exceeded the amount of compensation due him for temporary total disability benefits under HRS § 386–31(b).

benefits under HRS § 386–161 based on his membership in the Hawaii Air National Guard at the time of the accident. HRS § 386–161 states:

> **Who entitled to compensation.** If a member of the Hawaii national guard or Hawaii state guard suffers a personal injury arising out of and in the performance of the member's duty therein, compensation shall be paid to the member or the member's dependents by the State for such injury in the manner and in the amounts provided for in this chapter; provided that if in any case arising after May 10, 1951, any such member or the member's dependents receive compensation from the federal government by reason of such injury, the amount of the compensation shall be deducted from the amount which may thereafter become due from the State.

Based on HRS chapter 386, Kaya's rate of compensation was $292.32 per week. Under HRS § 386–161, Kaya argued he was entitled to receive the excess of $148.47 per month that resulted by deducting the amount of his federal government benefits from the amount of state workers' compensation benefits that were due him.

On January 26, 1987, the Director of Labor and Industrial Relations deferred ruling on Kaya's claim finding the federal government's acceptance of liability made the question of compensability moot until the benefits were exhausted. Kaya appealed this decision to the Labor and Industrial Relations Appeals Board. On December 29, 1989, the Labor and Industrial Relations Appeals Board held Kaya was entitled to benefits under HRS § 386–161.

II.

The State contends the Appeals Board erred in concluding: (1) that the legislative history of HRS § 386–161 indicates that all members of the National Guard are to be covered by the State and

to receive the full workers' compensation benefits allowed, if federal benefits (for which they may qualify) fell short; and (2) that by excluding national guardsmen in federal active duty for benefits under HRS § 386–161 would nullify the dual state and federal benefits provision in the statute.

### III.

HRS § 386–161 grants recovery to a member of the Hawaii National Guard for injury "arising out of and in the performance of the member's duty therein." The State asserts Kaya was not injured while performing as a member of the Hawaii Air National Guard because he was on federal active duty and subject to exclusive federal control. We disagree.

As the Appeals Board noted, the legislature intended to provide workers' compensation coverage to all Hawaii National Guard members. The territorial legislature enacted Act 131 in 1943 to provide workers' compensation benefits to Hawaii Territorial Guard members. By amending Act 131 in 1947, the legislature provided workers' compensation benefits to Hawaii National Guard members. In 1951, the legislature amended the statute to prevent only duplicative federal and state coverage. In enacting this legislation, the Committee on Judiciary expressed:

> Under the provision of Section 4464, R.L.H. 1945 (Am. Act 169, Ser. A–67, S.L. 1947), members of the Hawaii National Guard or their dependents are entitled to receive compensation for injuries or death "in the manner and in the amount provided for workmen's compensation".

> They are also entitled to receive in some cases payment or compensation from the Federal Government by reason of their being members of the armed forces of the

United States. Thus dual benefits might be paid for the same injury or death.

It is the purpose of the above bill to eliminate such dual benefit, by providing that if federal compensation is received by the member or his dependents, then the liability of the Territory under the provision of the workmen's compensation law will be diminished to the extent of the amount of the payments made by the Federal Government. Sen. Stand. Comm. Rep. No. 87, in 1951 Senate Journal, at 343–44.

The substantive language of HRS § 386–161 has remained essentially unchanged since this 1951 amendment.

Clearly, the purpose of this statute is to eliminate duplicative recovery of state and federal benefits. The legislative history does not reveal any intent to exclude members of the Hawaii National Guard from state workers' compensation just because they are called into federal active duty. In fact, the legislature recognized in Standing Committee Report 87 that Hawaii National Guardsmen qualify "to receive in some cases payment or compensation from the Federal Government by reason of their being members of the armed forces of the United States." As Kaya argues, ". . . the phrase should refer specifically to guardsmen in exclusively federal status, since it is then that they are most unambiguously 'members of the armed forces of the United States.' " Undisputedly, Kaya was a member of the armed forces of the United States when he was injured.

The State argues Title 32 U.S.C. § 325(a) supports its interpretation that a national guardsman called into active federal duty under 10 U.S.C. § 672 assumes purely federal status. Title 32 U.S.C. § 325(a) states in relevant part:

(a) Each member of the Army National Guard of the United States or the Air National Guard of the United States who is ordered to active duty is relieved from duty

in the National Guard of his State or Territory, or of Puerto Rico, the Canal Zone, or the District of Columbia, as the case may be, from the effective date of his order to active duty until he is relieved from that duty.

The State cites three cases in further support of its position to–wit: *Mancini v. Rhode Island Nat'l Guard*, 107 R.I. 1723, 271 A.2d 297 (1970); *Yount v. State of Tennessee*, 774 S.W.2d 919 (1989); and *Perpich v. Department of Defense*, 58 U.S.L.W. 4750 (U.S. June 11, 1990).

We do not find their interpretation of these cases persuasive. Both *Mancini* and *Yount* held a national guardsman injured while on federal active duty was not covered by state workers' compensation law. However, in *Mancini*, there was no state statute entitling a national guardsman to state workers' compensation benefits. In *Yount*, the state statute, which coordinated state and federal benefits, had not yet been enacted by the legislature at the time of the plaintiff's injury.

*Perpich* primarily concerned the peacetime authority of the President of the United States to activate the national guard into federal active duty without gubernatorial consent. Although the Supreme Court also held a national guardsman called into federal active duty is relieved from duty in the state guard, it made no decision involving workers' compensation law.

We also note that it is a duty of a Hawaii Air National Guard member to assume federal active duty when ordered. Under HRS § 121–28, if a Hawaii Air National Guard member disobeys this order, he is subject to court martial.

HRS § 121–28 states in relevant part:

> **Report for service, drills, and exercises.** Every member of the army or air national guard not excused therefrom shall report for active service whenever so ordered or called by the President of the United States or

the governor. ... Failure to comply with this section shall
be punishable as a court–martial may direct.

## IV.

The State contends that there are other situations which would allow recovery of dual benefits under the statute, therefore, the Appeals Board erroneously concluded that the dual federal and state benefits provision would be nullified if national guardsmen on federal active duty were not entitled to recover. While the Appeals Board may have commented on "nullification," we find the State's contention to be without merit. The plain meaning of the statute and its legislative history indicating legislative intent clearly support the Appeals Board's decision. *See* Act 131, § 1, 1943 Haw. Sess. Laws, at 226–27; Act 169, § 1, 1947 Haw. Sess. Laws, at 150–51; Act 48, § 1, 1951 Haw. Sess. Laws, at 237; Sen. Stand. Comm. Rep. No. 87, in 1951 Senate Journal, at 343–44 (further amendments made no substantive changes).

Affirmed.

*Sherri–Ann Loo* (*Ruth I. Tsujimura* with her on the briefs), deputy attorneys general, for employer–appellant, self–insured.
*Lowell K. Y. Chun–Hoon*, attorney for claimant–appellee.