Michael A. **DANIELS**,
Claimant/Appellant,

v.

**MISSOURI ARMY NATIONAL GUARD,**
Employer/Respondent.

No. 65536.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 22, 1994.

Appellant's Motion for Rehearing Denied
Nov. 30, 1994.

Respondent's Motion for Rehearing and/or
Transfer Denied Nov. 30, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 3, 1995.

Gregory D. O'Shea, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Vicky L. Anthony, Asst. Atty. Gen., Cape Girardeau, for respondent.

AHRENS, Presiding Judge.

In this workers' compensation case, claimant, Michael Daniels, appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying compensation for two injuries sustained while on active duty of the Missouri National Guard pursuant to 10 U.S.C. § 672(d). We affirm.

In December, 1985, as a member of the Missouri Army National Guard, claimant was assigned to a joint military exercise in the Republic of Honduras pursuant to orders authorized under 10 U.S.C. § 672(d). The orders required claimant to participate in active duty training from December 26, 1985 through June 6, 1986. Claimant's active duty pursuant to 10 U.S.C. § 672(d) was later extended from June 7, 1986 to September 26, 1986.

On March 18, 1986, while in Honduras, claimant injured his shoulder after tripping on a tent rope. He returned to the U.S., where he received treatment for a separated shoulder in Illinois. On September 5, 1986, in Festus, Missouri, claimant suffered two fractures to his lumbar vertebrae in an accident involving two U.S. Government vehicles. Claimant's military records include Statements of Medical Examination and Duty Status for both the March 18, 1986, and September 5, 1986, injuries. Both statements reflect that claimant's duty status was "present for duty 10 U.S.C. 672(d)" and reflect "active duty for training 10 U.S.C. 672(d)." Claimant was treated for both injuries under the authority of 10 U.S.C. § 1074(a), and received incapacitation pay and allowances pursuant to 37 U.S.C. § 204 approved by the National Guard Bureau.

After a hearing on his claim for workers' compensation, the Administrative Law Judge (ALJ) found claimant "was not an employee of the State of Missouri" and denied compensation. On review, the Commission affirmed the ALJ's denial of compensation.

On appeal of a workers' compensation claim, the findings of fact made by the Commission are conclusive and binding in the absence of fraud. *Johnson v. Evans & Dixon*, 861 S.W.2d 633, 635 (Mo.App.1993). We review questions of law only, and may modify, reverse, remand for rehearing, or set aside an award only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. *Id.*

In the first of two points, claimant asserts the Commission erred in finding that he was not injured while on state active duty at the time of his accidents. Claimant contends that he was on state active duty when injured and is therefore entitled to receive Missouri Workers' Compensation under § 41.900 RSMo 1986.[1] We disagree.

Section 41.900 RSMo 1986 states, in relevant part: "Chapter 287, RSMo, dealing with workers' compensation, applies to members of the Missouri organized militia *when ordered to active state duty by the governor.*" (Emphasis added.) Although the term "active state duty" is undefined in Chapter 41, we take into consideration statutes involving similar or related subjects which shed light on the meaning of the statute being construed. *State v. Knapp,* 843 S.W.2d 345, 347 (Mo. banc 1992). Section 41.480 outlines when the organized militia is called to duty by the governor:

1. The governor may, when in his opinion the circumstances so warrant, call out the organized militia or any portion or individual thereof to execute the laws, suppress actual and prevent threatened insurrection and repel invasion.

2. The governor may, when in his opinion circumstances so warrant, call out the organized militia or any portion thereof as he deems necessary to provide emergency relief to a distressed area in the event of earthquake, flood, tornado or other actual or threatened public catastrophe creating conditions of distress or hazard to public health and safety beyond the capabilities of local or other established agencies.

Also, under § 41.470, the governor may order military training for the organized militia. Furthermore, § 41.530 states when the governor shall order militia into *federal service:* "Whenever the militia or any part thereof is called, ordered or drafted under the constitution and laws of the United States, the governor shall order for service the national guard, ..."

In the present case, claimant's assignment to active duty was not under the call of the governor under § 41.470, for training, or

§ 41.480, for an emergency. Rather, his orders appear consistent with being called to federal service by the governor under § 41.530. Claimant was ordered to active duty by the Secretary of the Army pursuant to 10 U.S.C. § 672(d) with the "consent of the Governor of Missouri." Title 10 U.S.C. § 672(d) states:

"(d) At any time, an authority designated by the Secretary concerned may order a member of a reserve component under his jurisdiction to active duty, or retain him on active duty, with the consent of that member. However, a member of the Army National Guard of the United States ... may not be ordered to active duty under this subsection without the consent of the governor ..."

We are further persuaded by the relevant federal statutes. Title 10 U.S.C. § 3495 outlines the status of the Army National Guard: "Members of the Army National Guard of the United States are not in active Federal service *except when ordered thereto under law.*" (Emphasis added.) Claimant's orders to active duty were pursuant to federal law, 10 U.S.C. § 672(d). In addition, 32 U.S.C. § 325(a) states, in relevant part: "Each member of the Army National Guard of the United States ... who is ordered to active duty is relieved from duty in the National Guard of his State ... from the effective date of his order to active duty until he is relieved from that duty." The records provided by the National Guard are sufficient and competent evidence to support the finding of the Commission that claimant was not on active state duty in that claimant was not relieved from active federal duty when he was injured.

While Chapter 41, RSMo, does not define "active state duty," the words are defined in the preceding chapter entitled "Military Justice." Both chapters are under Title V, Military Affairs and Police. Chapter 40 deals with discipline of state military forces, while Chapter 41 is concerned with military affairs generally. Section 41.460 requires that the discipline and training of the National Guard shall be prescribed by the

---

1. All references are to RSMo 1986 unless otherwise stated.

governor and that the system of discipline and training of the National Guard are considered together. They must conform generally to that of the United States Armed Forces. A guard member called to active duty by the governor under the terms of § 41.900 would be subject to the disciplinary laws found in Chapter 40. We believe there are sufficient connections between the chapters concerning discipline and training so that the Chapter 40 definition of "active state duty" is appropriate in our analysis. *Id.* at 7.

Section 40.005.1(2)(a) defines "active state duty": "Inactive duty training and active duty for training to include all duty and training performed under Title 32, United States Code Sections 316, 502, 503, 504, and 505, Title 37 United States Code Section [sic] 206, 301, 309, 402, or 1002 ..." [2] In the present case, claimant was not on active duty pursuant to any of the enumerated sections outlined by § 40.005.1(2)(a) as within "active state duty."

Looking to the federal law, Title 32, concerning the National Guard, defines active duty in 32 U.S.C. § 101(12): "'Active duty' means full-time duty in the active military service of the United States.... It does not include full-time National Guard duty." Section 101(19) defines "Full–Time National Guard duty" as "training or other duty, other than inactive duty, performed by a member of the Army National Guard of the United States ... under section 316, 502, 503, 504, 505 of this title ..." Missouri's statute defining active state duty, § 40.005.1(2)(a), is consistent with the federal statute: both designate the same United States Code sections under which active duty would be considered state duty. Claimant in the case before us was not called to active state duty pursuant to any of the enumerated statutes in § 40.005.1(2)(a) and 32 U.S.C. 101(12) & (19).

Claimant argues that he was serving in a dual capacity as a member of the Missouri Army National Guard and as a member of the Army National Guard of the United States. The United States Supreme Court in *Perpich v. Department of Defense,*[3] 496 U.S. 334, 110 S.Ct. 2418, 110 L.Ed.2d 312 (1990), recognized the dual enlistment of a member of the Guard in a state National Guard unit and in the National Guard of the United States. However, the Court states that "a member of the Guard who is ordered to active duty in the federal service is thereby relieved of his or her status in the state Guard for the entire period of federal service." *Id.,* 496 U.S. at 346, 110 S.Ct. at 2425, 110 L.Ed.2d at 325. In a footnote, the Supreme Court lists the "distinct statutes provided for activating the National Guard of the United States and for calling for the militia, including the National Guards of the various States." *Id.,* 496 U.S. at 350 n. 21, 110 S.Ct. at 2427, 110 L.Ed.2d at 328. The list includes 10 U.S.C. §§ 672–675, authorizing executive officials to order reserve forces. *Id.*

Caselaw in other jurisdictions supports the conclusion that a member of the National Guard who is injured while on federal active duty, and not state active duty, is not entitled to workers' compensation. The Supreme Court of Tennessee recently decided a case on point to the present case. In *Yount v. State of Tennessee,* 774 S.W.2d 919 (Tenn. 1989), the court held that a guard member, who was on federal active duty pursuant to 10 U.S.C. § 672(d) when he was injured, was not entitled to workers' compensation. The relevant Tennessee statute provided: "When any member of the Tennessee national guard is injured while performing duty as set forth in subdivision (1) hereof, the state board of claims shall compensate him ..." Tenn.Code Ann. § 58–1–230. Subdivision (1), in relevant part, stated that "[t]he state board of claims is directed to pay ... (A) [for a guard member who] dies while performing full-time training, or duty under §§ 58–1–106, 58–1–108, and 58–1–205, or while going to or returning from the same." The sections referring to duty concern training and the authorization for the governor to order the guard into duty for an emergency and for active state duty. The court in *Yount* held that the claimant was not under the call of the governor when he was injured. *Yount,* 774 S.W.2d at 920. Rather, because he was under orders pursuant to 10 U.S.C. § 672(d), the state "had no control over [claimant's] military activities" and was therefore not a state

---

**2.** Title 37 is concerned with pay and allowances of the military.

**3.** The Supreme Court outlines a detailed history of the National Guard in this case.

employee at the time of his injury. *Id.* at 921.

The Supreme Court of Hawaii in *Kaya v. State of Hawaii*, 72 Haw. 157, 809 P.2d 1136 (1991), reached a contrary result in finding that even though the guard member was on federal active duty pursuant to 10 U.S.C. § 672(d) when he was injured, under their state statute he was entitled to state workers' compensation benefits. We find *Kaya* to be distinguishable from the present case. In *Kaya*, the applicable state statute stated: "If a member of the Hawaii national guard ... suffers a personal injury arising out of and in the performance of the member's duty therein, compensation shall be paid ..." Haw. Rev.Stat. § 386–161. In comparison, the Missouri statute specifically provides that a guard member is entitled to workers' compensation "when ordered to active state duty by the governor." § 41.900 RSMo. Unlike Missouri's statute, the Hawaiian statute does not specifically require the injury to occur during active state duty. Hence, under the broader statute, the Hawaiian Supreme Court could find coverage for state workers' compensation for an injury occurring during federal active duty.

After reviewing the record as a whole, we find there was sufficient competent evidence to find that claimant was a member of the Missouri Army National Guard under orders pursuant to 10 U.S.C. § 672(d) when he was injured on March 18, 1986, and on September 5, 1986. We conclude that claimant was not on active state duty as required by § 41.900 when he was injured, and therefore is not entitled to state workers' compensation benefits. Point denied.

We need not address claimant's second point which asserts any federal benefits received by claimant would be deducted from his workers' compensation according to § 41.940. As claimant is not entitled to workers' compensation benefits, this point is moot and is denied.

Judgment affirmed.

SIMON and KAROHL, JJ., concur.