James A. NELSON, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and David Hachenberger, Respondents.

No. 98CA0495.

Colorado Court of Appeals, Div. III.

Dec. 10, 1998.

Rehearing Denied Jan. 14, 1999.

Certiorari Denied July 12, 1999.

Roger Fraley, Jr., Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Hall & Evans, L.L.C., Patricia J. Clisham, Denver, Colorado, for Respondent David Hachenberger.

Opinion by Judge RULAND.

Petitioner, James A. Nelson (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which dismissed his claim for workers' compensation benefits. We affirm.

Claimant, a finish carpenter, sustained a work-related injury to his left hand in September 1996, while working as an interior trim carpenter for David Hachenberger. However, Hachenberger denied liability for workers' compensation benefits asserting

that claimant was an independent contractor at the time of the injury. After an evidentiary hearing, the Administrative Law Judge (ALJ) entered findings of fact and concluded that claimant was in fact an independent contractor. The Panel affirmed.

Resolution of the issues on appeal requires us to construe §8–40–202, C.R.S.1998, of the Workers' Compensation Act (Act). Section 8–40–202(2)(a), C.R.S.1998, provides that an individual who performs services for another is deemed to be an employee:

[U]nless such individual is free from control and direction in the performance of the service, both under the contract for performance of service and in fact and such individual is customarily engaged in an independent trade, occupation, profession, or business related to the service performed.

Section 8–40–202(2)(b), C.R.S.1998, further provides:

(I) To prove that an individual is engaged in an independent trade, occupation, profession, or business and is free from control and direction in the performance of the service, the individual and the person for whom services are performed may show by a preponderance of the evidence that the conditions set forth in paragraph (a) of this subsection (2) have been satisfied. The parties may also prove independence through a written document.

(II) To prove independence it must be shown that the person for whom services are performed does not:

(A) Require the individual to work exclusively for the person for whom services are performed; except that the individual may choose to work exclusively for such person for a finite period of time specified in the document;

(B) Establish a quality standard for the individual; except that the person may provide plans and specifications regarding the work but cannot oversee the actual work or instruct the individual as to how the work will be performed;

(C) Pay a salary or at an hourly rate instead of at a fixed or contract rate;

(D) Terminate the work of the service provider during the contract period unless such service provider violates the terms of the contract or fails to produce a result that meets the specifications of the contract;

(E) Provide more than minimal training for the individual;

(F) Provide tools or benefits to the individual; except that materials and equipment may be supplied;

(G) Dictate the time of performance; except that a completion schedule and a range of negotiated and mutually agreeable work hours may be established;

(H) Pay the service provider personally instead of making checks payable to the trade or business name of such service provider; and

(I) Combine the business operations of the person for whom service is provided in any way with the business operations of the service provider instead of maintaining all such operations separately and distinctly.

(III) A document may satisfy the requirements of this paragraph (b) if such document demonstrates by a preponderance of the evidence the existence of the factors listed in subparagraph (II) of this paragraph (b) as are appropriate to the parties' situation. The existence of any one of these factors is not conclusive evidence that the individual is an employee.

I.

Claimant first argues that the Panel erred in considering the nine criteria in §8–40–202(2)(b)(II), C.R.S.1998, and then applying a balancing test to determine whether he was an independent contractor. Relying upon the language of §8–40–202(2)(b)(II) that the nine criteria "must be shown," claimant argues that unless all of the criteria are proven, an individual must be deemed to be an employee. Alternatively, claimant argues that because the ALJ found that two of the statutory criteria were not established, the ALJ was required to determine that he was an employee. We disagree with both contentions.

■ Rules of statutory construction require that statutes be construed to give effect to the intent of the General Assembly. We first look to the language of the statute to determine that intent, and apply the plain meaning of the words used. *Christie v. Coors Transportation Co.*, 933 P.2d 1330 (Colo.1997).

■ However, if the language is vague or ambiguous, various other indicators may be considered to determine legislative intent including other statutes relating to the same subject matter and the object and purpose of those statutes. *Gianetto Oil Co. v. Industrial Claim Appeals Office*, 931 P.2d 570 (Colo. App.1996).

Next, as relevant here, "deference should be given to the interpretation given the statute by the officer or agency charged with its administration." *Weld County School District RE–12 v. Bymer*, 955 P.2d 550, 557 (Colo.1998). Finally, we must also attempt to harmonize statutes dealing with the same subject matter. *Gonzales v. Advanced Component Systems*, 949 P.2d 569 (Colo.1997).

Upon examining the statute at issue here, we find it to be ambiguous. On the one hand, as claimant notes, §8–40–202(b)(II) refers to criteria that "must be" proven. On the other hand, §8–40–202(b)(III), C.R.S. 1998, states that the "existence of any one of these factors is not conclusive."

Claimant now concedes, and we agree, that a written document addressing the nine criteria is not required as a condition precedent to classification as an independent contractor. The 1995 amendments to §8–40–202(2) reflect a legislative intent to expand application of the nine criteria in §8–40–202(2)(b)(II) to circumstances in which a written document is not offered to prove the claimant's status. For example, §8–40–102(2), C.R.S.1998, now provides that:

> [T]he test for determining whether an individual is an employee for the purposes of the 'Workers' Compensation Act of Colorado' shall be based on the nine criteria found in section 8–40–202(2)(b)(II) which shall supersede the common law. The fact that an individual performs services exclusively or primarily for another shall not be

conclusive evidence that the individual is an employee.

In addition, §8–40–202(2)(b)(II) was modified to eliminate the prior reference to a written document in connection with showing independence based upon the nine criteria. *See* Colo. Sess. Laws 1995, ch. 112 at 344.

Turning then to the remaining issue in dispute, we agree with the Panel that it is not necessary to satisfy all nine criteria of §8–40–202(2)(b)(II) in order to demonstrate that an individual is an independent contractor and not an employee. This is because the General Assembly specifically provided in §8–40–202(2)(b)(III) that evidence of one factor is not conclusive.

Had the General Assembly intended to require that a specific number of factors be established to prove independence, it could have adopted specific language to that effect. *See Best–Way Concrete Co. v. Baumgartner*, 908 P.2d 1194 (Colo.App.1995); *cf. Home Health Care Professionals v. Colorado Department of Labor & Employment*, 937 P.2d 851 (Colo.App.1996)(General Assembly's failure to amend governing provision of §8–70–115(1)(b), C.R.S.1998, when it adopted §8–70–115(1)(c), C.R.S.1998, shows that the purpose was not to effect any change in the substantive requirements of the statute).

■ Finally, to the extent that §§8–40–202(2)(b)(II) and 8–40–202(2)(b)(III) cannot be completely harmonized, the provisions of §8–40–202(2)(b)(III), having been enacted later in time, must control. *See De Jiacomo v. Industrial Claim Appeals Office*, 817 P.2d 552 (Colo.App.1991). Consequently, we agree with the Panel that the finding that two of the nine criteria in §8–40–202(2)(b)(II) were not satisfied here did not preclude the ALJ from concluding that the claimant was working as an independent contractor.

## II.

Claimant also asserts that the evidence was insufficient to support the ALJ's finding that claimant was an independent contractor. Specifically he argues that four statutory criteria were not established by a preponderance of the evidence and that, therefore, he

must be deemed an employee even under the balancing test. We disagree.

Whether the criteria in §8–40–202(2)(b)(II) are present in any particular case is a factual determination for resolution by the ALJ. Therefore, we must uphold the ALJ's findings of fact if such are supported by substantial evidence in the record. Section 8–43–301(8), C.R.S.1998. Further, under this standard, we must defer to the ALJ's resolution of conflicts in the evidence, credibility determinations, and the plausible inferences that he drew from the evidence. *Metro Moving & Storage Co. v. Gussert,* 914 P.2d 411 (Colo. App.1995).

■ Here, the record supports the ALJ's findings. The ALJ found that, because of the intricacy of the work and the fluidity of the plans, it is customary in the finish carpentry business for "high end" projects to be worked on by independent contractors on an hourly basis. He also found that, while Hachenberger could probably terminate claimant's contract of hire, all other factors under §§8–40–202(2)(a) and 8–40–202(2)(b) weighed heavily in favor of determining that claimant was an independent contractor and not an employee.

The ALJ further found that claimant volunteered to pick up materials for Hachenberger and, for that reason, Hachenberger wrote checks to claimant personally on two occasions to advance funds for such materials. However, the checks were clearly marked as "advance for material" and "material advance," in contrast to all other checks, which were made out to claimant's business. Thus, the fact that the checks for material advances exceeded the actual amount of materials purchased does not demonstrate as a matter of law that claimant was paid personally for services.

The ALJ also found that claimant supplied his own tools. Therefore, neither claimant's incidental purchase of materials for Hachenberger nor Hachenberger's occasional borrowing of claimant's tools demonstrates that the parties' business operations were combined.

In addition, the ALJ found that claimant was free to work whatever hours he chose and that he was free to work on other projects while performing services for Hachenberger, which he did on at least one occasion. The ALJ also found that, because of the work status of projects of other trades, claimant always had one large project to work on, although at times he was requested to perform smaller, more immediate, projects. Thus, the fact that Hachenberger prioritized projects based upon the status of work being performed by other persons that were necessary to complete the design home does not demonstrate that he controlled claimant's work.

Finally, the ALJ found that claimant performed projects that were generally described to him or after he was shown a rough sketch or picture of what the owners wanted as a finished product. He also found that there were no specific plans or specifications and that claimant designed and executed the projects himself. Thus, the fact that Hachenberger inspected the final product to ensure its quality, without a showing that he also controlled the means and methods of producing that product, does not establish the control required to establish that claimant was not an independent contractor. *See generally Carpet Exchange v. Industrial Claim Appeals Office,* 859 P.2d 278 (Colo. App.1993).

Accordingly, we conclude that the record supports the ALJ's resolution of the issues.

The order is affirmed.

Judge JONES and Judge DAVIDSON concur.